**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6838**

———————

UNITED STATES OF AMERICA,

              Petitioner – Appellee,

        v.

DAVID ARLON SIMPSON,

              Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:09-hc-02075-BR-JG)

———————

Submitted:  June 24, 2013              Decided:  July 5, 2013

———————

Before KING, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Michael G. James,
Jennifer May-Parker, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This matter arises under the Adam Walsh Child Protection and Safety Act, 18 U.S.C.A. §§ 4247-4248 (West 2000 & Supp. 2011) (the Walsh Act). The Walsh Act "provides that individuals in the custody of the Bureau of Prisons (BOP) who are sexually dangerous may be committed civilly after the expiration of their federal prison sentences." United States v. Francis, 686 F.3d 265, 268 (4th Cir. 2012). Here, David A. Simpson appeals the district court's order, following a hearing, committing him to the custody and care of the Attorney General pursuant to § 4248. We affirm.

I

Simpson first claims that § 4248 violates the Equal Protection Clause by limiting its application to prisoners and that the statute also constitutes cruel and unusual criminal punishment. He acknowledges, however, that our decision in United States v. Timms, 664 F.3d 436 (4th Cir.), cert. denied, 133 S. Ct. 189 (2012), forecloses this argument. In Timms, we held that § 4248 did not deprive "Timms and other similarly-situated individuals in BOP custody of equal protection of the laws," id. at 449, and that § 4248 is civil—not criminal—in nature, id. at 456. We accordingly conclude that Simpson's claim lacks merit.

Civil commitment under the Walsh Act is authorized only if the Government satisfies a three-pronged test. Under this test, the Government must establish by clear and convincing evidence that the individual:

> (1) previously engaged or attempted to engage in sexually violent conduct or child molestation (the prior conduct prong); (2) currently suffers from a serious mental illness, abnormality, or disorder (the serious mental illness prong); and (3) as a result of that mental condition, the individual would have serious difficulty in refraining from sexually violent conduct or child molestation if released (the volitional conduct prong).

United States v. Springer, 715 F.3d 535, 538 (4th Cir. 2013) (internal quotation marks omitted); see 18 U.S.C. § 4247(a)(5)-(6). "If the [G]overnment fails to meet its burden on any of the three prongs, an individual may not be committed." Springer, 715 F.3d at 538.

In this appeal, Simpson challenges only the district court's finding that the Government met its burden with respect to the volitional conduct prong. In particular, Simpson points to his low scores on static actuarial tests designed to measure recidivism. In its commitment order, the district court acknowledged the low scores but gave them less weight than that afforded both Simpson's past and recent conduct and the entirety of expert witness testimony. We review the district court's

factual findings for clear error and its legal conclusions de novo.  Springer, 715 F.3d at 545.

With respect to the actuarial tests, we have observed that such models:

> only gauge a risk of recidivism based upon the statistics of the particular group of sex offenders selected for comparison. . . . Knowing the recidivism rate of a particular group does not mean that the individual under consideration poses the same chance of recidivism in the same time frame; his risk could be higher or lower than that of the group based upon the unique circumstances of his case. . . . Accordingly, experts using these risk-assessment models also consider dynamic factors such as the age of the particular offender, his participation in treatment, his compliance with such treatment, his history of reoffending after treatment, and his commitment to controlling his deviant behavior.

United States v. Wooden, 693 F.3d 440, 448 (4th Cir. 2012) (internal quotation marks, citations and alterations omitted).

In concluding that the Government had met its burden with respect to the volitional prong, the district court credited the opinions of Dr. Demby and Dr. Arnold, who agreed that despite low actuarial scores, Simpson would have serious difficulty in refraining from child molestation.  Among other things, Dr. Demby and Dr. Arnold pointed to Simpson's history of child molestation dating at least from 1976, his abusing children while undergoing court-ordered sex offender treatment, his attitude condoning sexual activity with children, and his relatively recent conduct reflecting ongoing preoccupation with

4

pedophilia.  We discern no error in the district court's finding that the Government established the volitional prong by clear and convincing evidence.

III

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED